**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HERIBERTO ALVAREZ, # M-06450,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1067-NJR** |
| | ) | |
| **AIMEE LANG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a 65-year sentence for murder and an eight-year sentence for attempted murder. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Defendant was deliberately indifferent to his serious medical condition.

In his complaint, Plaintiff states that Defendant Lang and a correctional officer came to his cell on December 29, 2013, in response to a sick call request that Plaintiff had submitted a few days before. He told Defendant Lang that he was having severe pain in his shoulder and could "barely move" (Doc. 1, pp. 5-6). He asked her for pain medication and a referral to the doctor.

Defendant Lang asked Plaintiff why she was seeing him again about the same problem, and stated she was tired of contacting the medical department about Plaintiff's shoulder. She refused to examine him, refused to give him any pain medication or other treatment, and told him that if he wanted pain medication, he should buy it from the commissary. She did not refer him to the doctor. She walked away, and a few minutes later returned with a paper, telling Plaintiff

he must sign it or else pack his property (meaning he would be sent to segregation).  Plaintiff says no more about the paper or segregation.  However, he attaches a response to the grievance he filed over this incident which contains the notation, "As noted by medical file refusal was signed by I/M [inmate] on 12/29/13" (Doc. 1, p. 11).  Plaintiff asserts that because of Defendant Lang's failure to treat him, his shoulder condition became worse (Doc. 1, p. 7).  He seeks compensatory and punitive damages (Doc. 1, p. 8).

Attached to the complaint is an affidavit from Plaintiff's cellmate, who states that they have shared a cell for over a year (Doc. 1, p. 14).  According to the cellmate, Plaintiff does not read or write English and speaks very little English.  The cellmate reads Plaintiff's mail to him and writes letters for him.  It also appears from the similar handwriting on the complaint and affidavit that the cellmate may have prepared the complaint on Plaintiff's behalf.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Lang for deliberate indifference to his medical needs, for her refusal to assess or treat Plaintiff's painful shoulder condition.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain.  *Gutierrez v. Peters,* 111 F.3d 1364,

1373 (7th Cir. 1997).  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

The complaint sufficiently alleges that Plaintiff had a serious, painful medical condition, and that Defendant Lang's refusal to treat him allowed the shoulder to worsen and caused him continued suffering.  Accordingly, the claim shall proceed for further review.

**<u>Pending Motion</u>**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**<u>Disposition</u>**

The Clerk of Court shall prepare for Defendant **LANG**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above

or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 24, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge