IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERIBERTO ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1067-NJR-DGW |
| | ) |
| AIMEE LANG, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the Motion for Summary Judgment filed by Defendant Aimee Lang (Doc. 50). For the reasons set forth below, the Court grants the motion.

## PROCEDURAL BACKGROUND

Plaintiff Heriberto Alvarez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. In particular, Alvarez alleges that Defendant Aimee Lang, a licensed practical nurse, refused to provide him either a referral to a physician or pain medication on December 29, 2013, in response to his complaints about severe shoulder pain. Following an initial screening of Alvarez's complaint pursuant to 28 U.S.C. § 1915A, Alvarez was allowed to proceed on one count of deliberate indifference against Defendant Lang.

On February 16, 2016, Defendant Lang filed a motion for summary judgment

asserting she is entitled to judgment as a matter of law on Alvarez's deliberate indifference claim (Doc. 50). On February 29, 2016, Alvarez timely filed his response (Doc. 54).

## FACTUAL BACKGROUND

The evidence, when viewed in a light most favorable to Alvarez, establishes that sometime in 2011 or 2012, Alvarez dislocated his shoulder while playing soccer (Plaintiff's Deposition, Doc. 51-4, pp. 23, 43). Although Alvarez saw a doctor who realigned his shoulder immediately following this injury and put his arm in a brace, Alvarez has continued to suffer residual pain and stiffness, despite continuing to see various medical personnel on multiple occasions (*Id.* at pp. 24, 44).

On December 29, 2013, Alvarez put in a sick call request, and Defendant Lang, a licensed practical nurse, came to his cell (Doc. 51-4, pp. 14, 21; Affidavit of Aimee Lang, Doc. 51-1, ¶ 2). Alvarez asked for stronger pain medication and a referral to a physician for his shoulder pain (Doc. 51-4, p. 21, 45). Alvarez explains that he was previously on a different medication that helped his shoulder pain, but he had to stop taking it because it interfered with his other medications (Doc. 51-4, p. 21, 23-25). Alvarez's request for medical assistance was denied as Defendant Lang stated she was "sick and tired" of seeing Alvarez for his shoulder pain (Doc. 51-4, p. 14; Affidavit of Heriberto Alvarez, Doc. 54-1, ¶ 8). Defendant Lang then instructed Alvarez to sign a medical services refusal form, indicating that if he did not sign it he would be taken to the "hole" (*i.e.* segregation) (Doc. 51-4, p. 14; *see* Doc. 51-3). Defendant Lang did not explain the form to Alvarez before he signed it (Doc. 51-4, p. 20).

Although Alvarez testified at his deposition that Defendant Lang offered to provide him Ibuprofen during this encounter (but that Alvarez refused, indicating that he needed something stronger and he already had Ibuprofen in his cell), Alvarez's response to Defendant Lang's motion for summary judgment provides a different rendition of this encounter (Doc. 51-4, pp. 45-46; *see* Doc. 54, ¶ 12). Specifically, Alvarez asserts that he did not understand what was asked during the deposition, and he avers that he did not have any Ibuprofen in his cell as of December 29, 2013 (*see* Doc. 54, ¶ 8). Alvarez confirms, however, that he was prescribed Ibuprofen on December 12, 2013, receiving twenty-four, 200 milligram tablets (Doc. 54, ¶ 12; *see* Doc. 51-2, p. 6). Approximately two months after this encounter with Defendant Lang, Alvarez received additional pain medication (Doc. 51-4, pp. 39-40; *see* Doc. 54-1, p. 41).

## LEGAL STANDARDS

### *Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *See also: Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc., v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *See also Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed

to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Steen v. Myers et. al*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Eighth Amendment Deliberate Indifference*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, Alvarez must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

With regard to the first showing, the following circumstances could constitute a serious medical need: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v.*

*Outagamie Cnty.*, 394 F.3d 510, 512 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

A prisoner also must show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Put another way, a plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. A plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes*, 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)).

### DISCUSSION

Based on these standards, in order to proceed on his claim and survive summary judgment, there must be sufficient evidence for the jury to conclude that Alvarez's condition was "sufficiently serious or painful to make the refusal of assistance

uncivilized." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). Even when viewed in the light most favorable to Alvarez, the evidence presented is insufficient to create a material issue of fact as to this element. Importantly, the Seventh Circuit Court of Appeals recognizes that not all medical conditions are sufficiently serious to implicate the Eighth Amendment and, in *Cooper*, the Seventh Circuit held that "[a] prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution." 97 F.3d at 916.

While there is no dispute that Alvarez was in some pain, there is no evidence that, at the time of his encounter with Defendant Lang, his condition was objectively sufficiently serious or that he communicated that he was suffering from such pain that Defendant Lang would have known that his condition was sufficiently serious. More specifically, there is no evidence to suggest that a layperson would have thought that a doctor's attention or prescription pain medication was necessary. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). Indeed, drawing all inferences in favor of Alvarez, it appears that he suffered, at most, from chronic, residual shoulder pain following the dislocation and re-positioning of his shoulder that occurred more than one year prior. Although Alvarez regularly sought treatment for his shoulder pain since his initial injury, the Court notes that Alvarez's condition was referred to as a "muscle strain/joint pain," and Alvarez was provided over-the-counter pain medication (*e.g.* Acetaminophen or Ibuprofen), not prescription-level pain medication (*See* Plaintiff's

Medical Records, Doc. 54-1, pp. 34-43; Doc. 54-2, pp. 1-2). Accordingly, it appears that Alvarez's condition is of the type that many people who are not in prison do not seek professional medical attention. *See Cooper*, 97 F.3d at 916. Though the Court acknowledges that Alvarez experienced some distress and discomfort in relation to his shoulder pain, it is "not the sort of objectively serious injury or medical need that amounts to a denial of 'the minimal civilized measure of life's necessities.'" *Id.* (finding that "breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy [] are, objectively speaking, relatively minor.") (citation omitted). Further, despite Alvarez's assertions that his shoulder pain was "extreme," there is no indication that this was communicated to Defendant Lang. Moreover, the Eighth Amendment does not protect against all pain, only "needless pain and suffering." *Gutierrez*, 111 F.3d at 1371. Here, the pain Alvarez complained of simply falls short of a serious medical need. *See Greene v. Pollard*, 335 F. App'x 612, 614 (7th Cir. 2009) (finding that the plaintiff's symptoms, described as a constant aching in his tooth and a sensitivity to hot and cold temperatures fall short of a "serious" medical condition).

As Alvarez's shoulder pain on December 29, 2013 did not constitute an objectively serious medical condition, the Court finds that Defendant Lang's failure to provide pain medication or refer Alvarez to a physician did not rise to the level of deliberate indifference, because failing to provide immediate medical attention for minor aches and pains does not constitute reckless conduct. Accordingly, Defendant Lang is entitled to judgment as a matter of law on Alvarez's claim against her.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendant Aimee Lang (Doc. 50) is **GRANTED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Lang and against Alvarez, and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: September 26, 2016

_____
**NANCY J. ROSENSTENGEL**
United States District Judge